IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re TD AMERITRADE ACCOUNTHOLDER LITIGATION | Master File No<br>C 07-2852 VRW<br>ORDER |
| This Document Relates to: All Actions | Class Action |

  The parties to this data privacy purported class action move the court to grant preliminary approval of a settlement in this case. TD Ameritrade has agreed to take steps to protect its accountholders from unwanted email spam and past or future identity theft that might have occurred or might occur as a result of a security breach. TD Ameritrade has also agreed to pay $1,870,000 in attorney fees plus costs and class representative incentive awards. Doc #53 at 4-5; Doc #53 Exh A at IX, XIII.A. The parties state that the amount of attorney fees was arrived at through mediation. Doc #53 at 5, 13; Doc #53 (Kamber decl) at ¶4.

The court DENIES plaintiffs' request for preliminary approval for six reasons.

First, plaintiffs' counsel has not established the basis for its fee request, including substantiation that would permit the court to perform a lodestar cross-check. See <u>In Re HPL Technologies, Inc, Securities Litigation</u>, 366 F Supp 2d 912 (N D Cal 2005) (Walker, J). Plaintiffs' counsel has agreed to provide that information and shall do so by June 26, 2008.

Second, neither party has submitted any facts which would allow the court to make a proper valuation of the settlement, which on its own does not include any monetary relief. At the preliminary approval hearing on June 12, 2008, the court analogized the preclusion this settlement affords defendant to the coverage or risk-shifting provided by insurance. Coverage against the risk of claims for identify theft and related claims is widely available to companies such as TD Ameritrade. The court inquired whether TD Ameritrade had obtained a quote on a policy that would cover the risk of liability on the claims that are precluded under this settlement agreement. TD Ameritrade's counsel stated that he did not believe such coverage had been sought. TD Ameritrade's counsel is directed to obtain at least two quotes on such coverage from qualified underwriters or insurance brokers.

Third, the proposed notice omits a material term of the settlement. See <u>In Re Chiron, Inc, Securities Litigation</u>, 2007 US Dist LEXIS 91140 at *26-*30 (N D Cal 2007) (Walker, J). Under the settlement agreement, the parties retain the option to terminate the settlement pursuant to an agreed number of opt-outs to be submitted to the court in camera. See Doc #53 Exh A at VII.C.

1 This "magic number" is not disclosed to the class, nor has it been
2 disclosed to the court in camera. The parties are ordered to
3 submit that information by June 26, 2008.

4 Fourth, an element of the settlement is the opportunity
5 for class members to obtain certain spam-blocking software. A
6 dispute came to light at the hearing whether this element of the
7 settlement has any true economic value. TD Ameritrade is directed
8 to provide the court with the actual cost of this element of the
9 proposed settlement.

10 Fifth, at the preliminary approval hearing, Matthew
11 Elvey, one of the class representatives, came forward and expressed
12 numerous "reservations" about the settlement. He suggested that
13 the gains the class would receive under the settlement had the
14 appearance of benefitting the class but were, in operation,
15 trivial. Mr Elvey stated that he was qualified to question the
16 usefulness of the consideration offered to plaintiffs because of
17 his education and experience in computer science, information
18 technology and data security. Mr Elvey offered to submit his
19 curriculum vitae. Mr Elvey's counsel shall submit Mr Elvey's CV by
20 June 26, 2008. At the conclusion of the hearing, Mr Elvey stated
21 that he was "threatened" into signing the settlement agreement.
22 Plaintiff's counsel shall clarify this situation along with
23 submission of Mr Elvey's CV.
24 //
25 //
26 //
27 //
28 //

Sixth, in light of the foregoing, plaintiffs are directed to establish the adequacy of the representative parties fairly and adequately to protect the interests of the class by submission of declarations or other admissible evidence not later than June 26, 2008.

Plaintiffs' motion is DENIED without prejudice. Doc #53.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

4