THEODORE H. FRANK (SBN 196332)
    tedfrank@gmail.com
**CENTER FOR CLASS ACTION FAIRNESS**
1718 M Street NW
No. 23-6
Washington, DC 20036
(703) 203-3848

*Attorney for Objectors Brad Richards and Theodore H. Frank*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>TD Ameritrade Account Holder Litigation | Case No. C 07-2852 VRW<br><br>**CLASS ACTION**<br><br>**RESPONSE TO MOTION FOR PRELIMINARY APPROVAL**<br><br>Judge:      Vaughn R. Walker<br>Date:       December 9, 2010<br>Time:       10:00 a.m.<br>Courtroom: 6 |

The non-profit public-interest law firm Center for Class Action Fairness ("CCAF"), on behalf of objectors Brad Richards and Theodore H. Frank, commends the parties on the material improvement of the settlement. There are, however, three minor issues with the revised settlement that bear scrutiny and correction, though all three will be moot in the unlikely event that the response rate exceeds $2 million in claims.

*First*, the settlement caps recovery at $2,500 per class member, but provides for *cy pres* relief to third parties if paid claims are less than $2.5 million, even if class members are not fully compensated. This is wrong. Class members should have first priority to the $2.5 million settlement fund, and *cy pres* should only be distributed if there are not identifiable class members who have uncompensated damages. American Law Institute, *Principles of the Law of Aggregate Litigation* § 3.07 (2010) ("*Principles*"); cf. In re *Pharmaceutical Industry Avg. Wholesale Price Lit.*, 588 F.3d 24 (1st Cir. 2009) (approving *cy pres* of unclaimed funds because district court ensured full recovery of class members first). Anything else is a breach of the class attorneys' fiduciary responsibility to the class because it values the recovery of a third party over the recovery to the unnamed class members. *See, e.g.*, Martin H. Redish, *et al.*, *Cy Pres Relief and the Pathologies of the Modern Class Action: A Normative and Empirical Analysis*, 62 FLA. L. REV. 617 (2010) (*cy pres* "threatens to undermine the due process interests of absent class members by disincentivizing the class attorneys in their efforts to assure [classwide] compensation of victims of the defendant's unlawful behavior"); John Beisner, *et al.*, *Cy Pres: A Not So Charitable Contribution to Class Action Practice* (2010); Sam Yospe, *Cy Pres Distributions in Class Action Settlements*, 2009 COLUMBIA BUS. L. REV. 1014; Theodore H. Frank, *Cy Pres Settlements*, CLASS ACTION WATCH (March 2008); Adam Liptak, *Doling Out Other People's Money*, N.Y. TIMES (Nov. 26, 2007).

A "settlement should presumptively provide for further distributions to participating class members unless the amounts involved are too small to make individual distributions economically viable or other specific reasons exist that would make such further distributions impossible or unfair." *Principles* § 3.07(b). *Accord Masters v.*

*Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 435-36 (2d Cir. 2007) (*cy pres* only appropriate where class members are difficult to identify, when funds involved are too small to distribute economically to class members, or when distributing unclaimed funds to class members would result in windfall).

Here, it is possible that there exist class members who have damages in excess of $2,500 (or in excess of $1,000 in out-of-pocket costs) from the alleged wrongful conduct, but are only entitled to receive $2,500 (or $1,000) under the settlement—even if there are unclaimed funds being diverted to third parties. In the scenario where there are unclaimed settlement funds and there are class members with uncompensated damages, the unclaimed settlement funds in the $2.5 million tranche should be distributed to those undercompensated class members *pro rata* to the extent it would not result in a windfall for those individual claimants. (For the reasons the settling parties state in Doc. No. 226 at 22, CCAF does not object to capping recovery for losses relating to debit or credit cards at $50.) *Cy pres* should only be distributed if there remain unclaimed funds after that second distribution to the class.

*Second*, the proposed *cy pres* recipients—the International Association of Privacy Officers, Center for Democracy and Technology, Identity Theft Resource Center, National Cyber Forensics & Training Alliance, and Electronic Privacy Information Center—are not objectionable to the extent that the attorneys and named plaintiffs in the case have no affiliation with these organizations. But the parties have not disclosed whether they have any such relationship; they should be required to do so, and, if they do, exclude the related entity from the *cy pres* distribution. *Principles* § 3.07 Comment at 219 ("A cy pres remedy should not be ordered if the court or any party has any significant prior affiliation with the intended recipient that would raise substantial questions about whether the selection of the recipient was made on the merits.").

*Third*, CCAF is concerned that the settlement is structured so that the attorneys could request fees of $500,000 if there are only $300,000 in claims, but can only request $200,000 in fees if there are $6.3 million in claims. This creates perverse incentives.

While CCAF does not object to the class attorneys voluntarily reducing their fee request to ensure additional class recovery, it is concerned that the settlement is structured this way because the parties anticipate that there will be few claims under the burdens of the claims process and wish to create the illusion of additional relief.

In this case, there is nothing inherently wrong with the parties agreeing to create hoops for class members to jump through to make claims; the defendant has a legitimate interest in discouraging fraudulent claims, and in a case with individualized damages such as this, it is impossible to structure a settlement to prevent both false positives (fraudulent claims) and false negatives (injured class members deterred from making or unable to prove claims).  But the Court should make clear that any fee award will be based on and proportionate to actual class recovery to ensure the proper incentives of class counsel to both simplify the process for and publicize the availability of class relief.  *See* Notes of Advisory Committee on 2003 Amendments to Rule 23(h) (fee award should not exceed a "reasonable percentage of the amount of any damages and prejudgment interest ***actually paid*** to the class" (emphasis added)) (*citing* 15 U.S.C. §§ 77z-1(a)(6); 78u-4(a)(6)); Federal Judicial Center, *Manual for Complex Litigation (Fourth)* § 21.71 (2004) ("the fee awards should be based only on the benefits actually delivered"). The percentage method "directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation."  *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005); *see also* Charles Silver, *Due Process And The Lodestar Method: You Can't Get There From Here*, 74 Tulane L. Rev. 1809 (2000) (citing authorities that show a "broad consensus that percentage-based formulas harmonize the interests of agents and principals better than time-based formulas like the lodestar approach.").

All three of these concerns will be moot if claims on the fund exceed $2 million, in which case CCAF would have no objection to the settlement.  CCAF strongly suspects, however, that total claims will fall far short of that amount.

Because CCAF will not seek attorneys' fees in this case, it is uneconomic for

counsel to travel to San Francisco to appear at the December 9 hearing. Counsel is willing to participate telephonically.

Dated: December 2, 2010

                                                Respectfully submitted,

                                                */s/ Theodore H. Frank*
                                                Theodore H. Frank
                                                **CENTER FOR CLASS ACTION FAIRNESS**
                                                1718 M Street NW, No. 236
                                                Washington, DC 20036
                                                (703) 203-3848
                                                Attorney for Objectors

## PROOF OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 2, 2010.

>           */s/ Theodore H. Frank*
>           Theodore H. Frank